SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------X
ELSIE CLEMENTE,

                      Plaintiff,

    -against-

CHIPOTLE MEXICAN GRILL, INC.,

                      Defendant.
-----------------------------------------X

Index No.:
Date Filed:
Plaintiff designates
**KINGS COUNTY** as the
place of trial

The basis of venue
  is PLAINTIFF'S
  Residence

**SUMMONS**
Plaintiff resides at
3846 Poplar Avenue
Brooklyn, NY 11224

To the above-named Defendant(s)

       YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       June 23, 2020

Defendant's Address:
Chipotle Mexican Grill, Inc.
610 Newport Center Drive
Newport Beach, CA  92660

FEINSTEIN & FEINSTEIN, ESQS.
Attorneys for Plaintiff
By: _____
CHARLES FEINSTEIN, ESQ.
 61 Broadway, suite 2820
 New York, New York  10006
 (212) 363-3000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
ELSIE CLEMENTE,

                Plaintiff,

  -against-

CHIPOTLE MEXICAN GRILL, INC.,

                Defendant.
----------------------------------------X

**VERIFIED COMPLAINT**

        Plaintiff, by her attorneys, FEINSTEIN & FEINSTEIN, ESQS., as and for her Verified Complaint herein, respectfully sets forth and alleges:

        1.     That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., was a domestic corporation duly existing under and by virtue of the laws of the State of New York.

        2.     That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., was a foreign corporation duly authorized to conduct business in the State of New York.

        3.     That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., was doing business in the State of New York pursuant to the laws of the State of New York.

        4.     That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., was doing business as CHIPOTLE in the State of New York pursuant to the laws of the State of New York.

5. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., was conducting or transacting business under the name or designation of CHIPOTLE.

6. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., owned certain premises located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

7. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., owned certain place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

8. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., owned certain place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

9. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., leased said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

10. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., leased said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

11. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., was the lessee of said premises and/or place of business located at 2940 Cropsey

Avenue, in the County of Kings, City and State of New York.

12. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., was the lessee of said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

13. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents and/or employees operated said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

14. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents and/or employees operated said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

15. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees maintained said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

16. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees maintained said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

17. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees managed said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

18. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees managed said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

19. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees controlled said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

20. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees controlled said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

21. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees supervised said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

22. That at all times hereinafter mentioned, the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees supervised said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

23. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to maintain said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York, in reasonably safe and suitable condition and repair.

24. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to maintain said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York, in reasonably safe and suitable condition and repair.

25. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to maintain said floors of said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York, in reasonably safe and suitable condition and repair.

26. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to maintain said floors

of said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York, in reasonably safe and suitable condition and repair.

27. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to maintain said floors upon said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York, in reasonably safe and suitable condition and repair.

28. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to maintain said floors upon said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York, in reasonably safe and suitable condition and repair.

29. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to provide for and/or ensure the safety, protection and well-being of persons lawfully present upon and/or patrons of said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

30. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC.,

their servants, agents, and/or employees to provide for and/or ensure the safety, protection and well-being of persons lawfully present upon and/or patrons, guests and/or invitees of said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

31. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to prevent persons lawfully present upon and/or patrons, guests and/or invitees of said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York from being injured by dangerous, defective, hazardous and unsafe conditions upon said premises.

32. That at all times hereinafter mentioned, it was the duty of the defendant, CHIPOTLE MEXICAN GRILL, INC., their servants, agents, and/or employees to prevent persons lawfully present upon and/or patrons, guests and/or invitees of said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York from being injured by dangerous, defective, hazardous and unsafe conditions upon said premises.

33. That at all times hereinafter mentioned, the general public, including the plaintiff ELSIE CLEMENTE herein, was invited to enter and patronize said place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of

7

New York.

34. That at all times hereinafter mentioned, the general public, including the plaintiff ELSIE CLEMENTE herein, was invited to enter and patronize said place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

35. That on the 23rd day of June, 2017, the plaintiff, ELSIE CLEMENTE, was lawfully present upon said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

36. That on the 23rd day of June, 2017, the plaintiff, ELSIE CLEMENTE, was lawfully present upon said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

37. That on the 23rd day of June, 2017, the plaintiff, ELSIE CLEMENTE, was caused to be injured while lawfully present upon said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

38. That on the 23rd day of June, 2017, the plaintiff, ELSIE CLEMENTE, was caused to be injured while lawfully present upon said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

39. That on the 23rd day of June, 2017, and for a period of time prior thereto, there existed a dangerous, defective, hazardous and unsafe condition upon said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

40. That on the 23rd day of June, 2017, and for a period of time prior thereto, there existed a dangerous, defective, hazardous and unsafe condition upon said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

41. That on the 23rd day of June, 2017, and for a period of time prior thereto, there existed a dangerous, defective, hazardous, wet, excessively slippery and unsafe condition upon said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

42. That on the 23rd day of June, 2017, and for a period of time prior thereto, there existed a dangerous, defective, hazardous, wet, excessively slippery and unsafe condition upon said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

43. That on the 23rd day of June, 2017, and for a period of time prior thereto, there existed a dangerous, defective, hazardous, wet, excessively slippery and unsafe condition upon said floors upon said premises and/or place of

business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

44. That on the 23rd day of June, 2017, and for a period of time prior thereto, there existed a dangerous, defective, hazardous, wet, excessively slippery and unsafe condition upon said floors upon said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

45. That on the 23rd day of June, 2017, the plaintiff ELSIE CLEMENTE, was caused to be injured as a result of the said dangerous, defective, hazardous, wet, excessively slippery and unsafe condition upon said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

46. That on the 23rd day of June, 2017, the plaintiff, ELSIE CLEMENTE, was caused to be injured as a result of the said dangerous, defective, hazardous, wet, excessively slippery and unsafe condition upon said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

47. That on the 23rd day of June, 2017, the plaintiff, ELSIE CLEMENTE, was caused to be injured as a result of the said dangerous, defective, hazardous, wet, excessively slippery and unsafe condition existing upon said floors upon said premises and/or place of business located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

48. That on the 23rd day of June, 2017, the plaintiff, ELSIE CLEMENTE, was caused to be injured as a result of the said dangerous, defective, hazardous, wet, excessively slippery and unsafe condition existing upon said floors upon said premises and/or place of business known as Chipotle located at 2940 Cropsey Avenue, in the County of Kings, City and State of New York.

49. That by reason of the foregoing, the plaintiff ELSIE CLEMENTE was injured.

50. That the foregoing accident and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the defendant, its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto.

51. That this action falls within one or more of the exceptions set forth in CPLR 1602.

52. Pursuant to CPLR Section 1602 (2)(iv), defendant are jointly and severally liable for all of plaintiff' damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant owed the plaintiff a non-delegable duty of care.

53. Pursuant to CPLR Section 1602 (7), defendant are jointly and severally liable for all of plaintiff' damages, including but not limited to plaintiff's non-economic

loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant acted with reckless and wanton disregard of the safety of others.

54.     Pursuant to CPLR Section 1602 (2) (iv), defendant is jointly and severally liable for all of plaintiff' damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

55.     Pursuant to CPLR Section 1602 (2) (11), defendant is jointly and severally liable for all of plaintiff' damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

56.     That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered

and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

57. That by reason of the foregoing, plaintiff demands judgment against the Defendant, CHIPOTLE MEXICAN GRILL, INC., herein in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against the Defendant, CHIPOTLE MEXICAN GRILL, INC., herein in a sum exceeding the jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, together with costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
       June 23, 2020

FEINSTEIN & FEINSTEIN, ESQS.

By: *[signature]*
CHARLES FEINSTEIN, ESQ.
Attorneys for Plaintiff
**ELSIE CLEMENTE**
61 Broadway, ste. 2820
New York, New York  10006
(212) 363-3000

13

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, CHARLES FEINSTEIN, ESQ., am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **COMPLAINT,** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Reports, records, memoranda, facts, investigations and pertinent data given to your affirmant and maintained in a file in his office.

The reason I make this affirmation instead of plaintiff is because plaintiff is not within the County where your affirmant maintains his office.

Dated: NEW YORK, NEW YORK
June 23, 2020

*[signature]*

**CHARLES FEINSTEIN, ESQ.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------
ELSIE CLEMENTE,

                              Plaintiff,

    -against-


CHIPOTLE MEXICAN GRILL, INC.,

                              Defendant.
-----------------------------------------------

## ATTORNEY CERTIFICATION PURSUANT TO 22 NYCRR 130-1.1a

       Pursuant to 22 NYCRR 130-1.1a, the undersigned, CHARLES FEINSTEIN, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, certifies that, upon information and belief, and after reasonable inquiry, (1) the contentions contained in the annexed document(s) are not frivolous and that (2) if the annexed document(s) is an initial pleading, *(i)* the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated:    New York, New York
             June 23, 2020


                                                        */s/ Charles Feinstein*
                                                      CHARLES FEINSTEIN, ESQ.

Index No.                      Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

ELSIE CLEMENTE,

                               Plaintiff,

                                 -against-

CHIPOTLE MEXICAN GRILL, INC.,

                                 Defendant.

**SUMMONS AND VERIFIED COMPLAINT**

**FEINSTEIN & FEINSTEIN**

*Attorneys for*

Plaintiff - *CLEMENTE*

61 BROADWAY
NEW YORK, NEW YORK 10006
(212) 363-3000

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ...............................      Signature ...............................................................................

                               Print Signer's Name.............................................................

*Service of a copy of the within*                                                                 *is hereby admitted.*

*Dated:*

                                                    *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**    that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on           20

☐ **NOTICE OF SETTLEMENT**    that an Order of which the within is a true copy will be presented for settlement to the Hon.        , one of the judges of the within-named Court,
at
on           20       , at        M.

*Dated:*

                                                                                                    **FEINSTEIN & FEINSTEIN**

                                                                                *Attorneys for*

To:

                                                                                   61 BROADWAY
                                                                                   NEW YORK, NEW YORK 10006
                                                                                   (212) 363-3000

FILED: KINGS COUNTY CLERK 07/27/2020 01:07 PM
NYSCEF DOC. NO. 2
FEINSTEIN & FEINSTEIN PC
Secretary of State, 306BCL

Case 1:20-cv-05813-BMC   Document 1-1   Filed 12/01/20   Page 18 of 18 PageID #: 25

INDEX NO. 510734/2020
RECEIVED NYSCEF: 07/27/2020

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF KINGS

## AFFIDAVIT OF SERVICE



Index no : **510734/2020**
Date of Purchase: **06/23/2020**

| Plaintiff: | ELSIE CLEMENTE |
|---|---|
| Defendant: | CHIPOTLE MEXICAN GRILL, INC |

STATE OF NEW YORK COUNTY OF NEW YORK         ss.:

**STEVEN AVERY**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York.

On **07/16/2020** at **10:15 AM** at the office of the Secretary of State of the State of New York in the City of Albany, New York, I served the within **SUMMONS AND VERIFIED COMPLAINT;NOTICE OF ELECTRONIC FILING** upon **CHIPOTLE MEXICAN GRILL, INC** the **Defendant** in this action in the manner indicated below:

By delivering to and leaving with **SUE ZOUKY, CLERK AUTHORIZED TO ACCEPT** in the office of the Secretary of State of New York, two true copies thereof and at the same time of making such service, deponent paid said Secretary of State, a fee of $40.00. That said service was made pursuant to Section 306 of the BCL.

Deponent further states, he knew the said served to be an authorized **CLERK AUTHORIZED TO ACCEPT** in the Corporate Divison of the State of New York.

Deponent further describes the person actually served as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | WHITE | BROWN | 60 | 5' | 120 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
07/27/2020

Howard Tauber
Notary Public, State of New York
No. 01TA6321820
Qualified in New York
Commission Expires 03/23/2023

X_____
STEVEN AVERY
AAA Attorney Service Co. of NY, Inc.
20 Vesey Street, Room 1110
New York, NY 10007
(212) 233-3508   Clerk: ASHWINEE

